UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS RODNEY MURPHY,

      Plaintiff,               CIVIL ACTION NO. 15-cv-11246

  v.                             DISTRICT JUDGE SEAN F. COX

NATIONSTAR MORTGAGE, LLC,   MAGISTRATE JUDGE MONA K. MAJZOUB

      Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Thomas Rodney Murphy commenced this action in the Wayne County Circuit Court against Defendant Nationstar Mortgage, LLC on March 3, 2015. (Docket no. 1-2.) In his Complaint, Plaintiff challenges foreclosure proceedings related to real property located at 18461 Keystone Street in Detroit, Michigan. (*See id*.) The case was removed to this Court on April 1, 2015. (Docket no. 1.) Before the Court is Defendant's Motion to Dismiss. (Docket no. 7.) Plaintiff filed a response. (Docket no. 10.) Defendant filed a reply to Plaintiff's response. (Docket no. 11.) The Motion has been referred to the undersigned for consideration. (Docket no. 8.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f)(2), and issues this Report and Recommendation.

I.     **RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendant's Motion to Dismiss (docket no. 7) be **GRANTED** with regard to Defendant's motion to dismiss Plaintiff's Complaint with prejudice, and **DENIED** with regard to Defendant's motion for the costs and

attorney fees it incurred in bringing the Motion. The undersigned further recommends that this matter be dismissed in its entirety.

## II.     REPORT

### A.     Facts and Procedural History

Plaintiff borrowed the sum of eighty thousand seven hundred fifty dollars ($80,750.00) from Flagstar Bank on October 19, 2007. (Docket no. 1-3.) As security for the loan, Plaintiff granted Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for the lender, a mortgage interest in real property located at 18461 Keystone Street, Detroit, Michigan. (*Id.*) The mortgage was recorded with the Wayne County Register of Deeds on November 6, 2007, in Liber 46789, Pages 1401-09. (Docket no. 7-3.) On February 10, 2010, MERS assigned the mortgage to Defendant, which was recorded on March 2, 2010 with the Wayne County Register of Deeds. (Docket no. 7-4.)

It is unclear from the parties' filings exactly when Plaintiff defaulted on his payments; however, on August 14, 2014, Defendant posted a notice on the property identifying a default in the amount of $84,957.75 and scheduling a sheriff's sale for September 11, 2014. (Docket no. 1-4 at 3.) Subsequently, the same notice was published in the Detroit Legal News for four consecutive weeks beginning on August 13, 2014. (*Id.* at 4.) The sheriff's sale took place on September 11, 2014, at which time Defendant purchased the property. (*Id.* at 2.) The six-month statutory redemption period expired on March 11, 2015. (*Id.* at 7.)

Plaintiff filed the instant complaint in the Wayne County Circuit Court on March 3, 2015, alleging wrongful foreclosure, breach of contract, and fraudulent misrepresentation. (Docket no. 1-2.) Defendant removed the case to this Court on April 1, 2015. (Docket no. 1.) Subsequently, on May 20, 2015, Defendant filed the instant Motion to Dismiss pursuant to Federal Rule of

Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (Docket no. 7.)

### B. Governing Law

When deciding a motion under Rule 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002). The plaintiff must provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (quoting Fed.R.Civ.P. 8(a)(2)). But this statement "must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The plaintiff cannot rely on "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action;" instead, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This "facial plausibility" is required to "unlock the doors of discovery." *Id.* To make this determination, the *Iqbal* Court set out the following two-step analysis:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Id.* at 679.

"When a court is presented with a Rule 12(b)(6) motion, it may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case

and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted).

**C.     Analysis**

Plaintiff set forth three causes of action in his Complaint: Count I – Wrongful Foreclosure; Count II – Breach of Contract; and Count III – Fraudulent Misrepresentation. (*See* docket no. 1-2 at 6-10.) Defendant argues that Plaintiff's Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. (*See* docket no. 7.) Each cause of action set forth by Plaintiff is addressed in turn below.

**1.     Count I – Wrongful Foreclosure**

The first cause of action set forth by Plaintiff is wrongful foreclosure. (Docket no. 1-2 at 6-7.) Here, Plaintiff claims that Defendant violated state and federal statutes, "including, but not limited to MCL 600.3201, *et seq.*, the Real Estate Settlement Procedures Act (RESPA), 12 USC 2605, *et seq.* and 12 CFR 1024.41 ("Regulation X")." (*Id.* at 6.) Specifically, with regard to RESPA and Regulation X, he alleges that Defendant failed to comply with these provisions by "pursuing loss mitigation options contemporaneously with active foreclosure proceedings." (*Id.*) In addition, Plaintiff claims that Defendant never provided notice that Plaintiff was not eligible for loss mitigation options. (*Id.*) Plaintiff also alleges that he never rejected any loss mitigation offer, nor did he fail to perform on any loss mitigation agreement. (*Id.*) Defendant denies these allegations, offering a letter sent to Plaintiff on July 2, 2014 as evidence that Defendant offered to modify the mortgage loan, but Plaintiff either refused to accept the terms offered or withdrew his request. (Docket no. 7-5.)

Regulation X does not impose a duty on a servicer to provide loss mitigation options to a borrower. 12 C.F.R. § 1024.41(a). In addition, it creates no right for a borrower to enforce a loss mitigation agreement with the servicer. *Id.* Therefore, Defendant has no duty to provide Plaintiff with any loss mitigation options. But if a borrower submits a complete loss mitigation application before the foreclosure process has been initiated, the servicer cannot make the first foreclosure notice or filing unless: (1) the servicer has given the borrower notice that he is not eligible for loss mitigation options; (2) the borrower rejects all loss mitigation options; or (3) the borrower fails to perform under the agreement on a loss mitigation option. 12 C.F.R. § 1024.41(f)(2). In this case, Defendant's letter directly contradicts Plaintiff's claim that the foreclosure was invalid because he was not given notice that he was ineligible for loss mitigation options. Defendant's letter evidences that Plaintiff either rejected or withdrew his request for loss mitigation options. (Docket no. 7-5.) Further, Plaintiff fails to set forth any factual allegations regarding how Defendant was contemporaneously negotiating a loan modification and initiating foreclosure proceedings.

Assuming, arguendo, that Plaintiff had stated a proper claim under Regulation X, Plaintiff would not be entitled to the damages he seeks. Regulation X refers to 12 U.S.C. § 2605 in regard to damages. 12 C.F.R. § 1024.41(a). Remedies available under § 2605(f)(1) are limited to actual monetary damages, which Plaintiff does not request. As Defendant notes, Plaintiff's requests to set aside the sheriff's sale and grant a loan modification are not available remedies under § 2605 of RESPA. (Docket no. 7 at 7.) Therefore, Plaintiff has failed to state a claim for wrongful foreclosure under Regulation X of the Real Estate Settlement Procedures Act.

Plaintiff also alleges that "Defendant failed to properly follow the requirements of the Foreclosure process set forth in MCL 600.3201 *et seq.,* including, but not limited to, failing to

5

properly calculate the amount claimed to be due on the date of the notice of foreclosure." (Docket no. 1-2 at 6.) Under MCL 600.3208, notice of a foreclosure must be given by publishing the notice for four consecutive weeks, at least once in each week, in a newspaper published in the county where the premises is situated. A true copy of the notice must also be posted in a conspicuous place on the premises within fifteen days after the first publication. *Id.*

Defendant asserts that the foreclosure process was legal and proper in all regards. (Docket no.7 at 18-19.) As support for this argument, Defendant submitted as an exhibit to its motion the Affidavit of Publication, which states that the notice of foreclosure "was published in [the] Detroit Legal News . . . in Wayne County on August 13, August 20, August 27, [and] September 3, 2014." (Docket 7-6 at 4.) Defendant also submitted an Affidavit of Posting, which states that the notice of foreclosure was posted in a conspicuous place on the property on August 14, 2014.[1] (*Id.* at 4.) Under Michigan law, these affidavits are treated as "presumptive evidence" that notice was given. MCL § 600.3264. Defendant also asserts that the total amount on the Foreclosure Notice was accurate and that Plaintiff has provided no evidence to the contrary. (Docket no. 7 at 10.)

Defendant's argument is persuasive; notably, while Defendant has provided presumptive evidence of compliance with MCL § 600.3208, Plaintiff has not set forth sufficient allegations to challenge the propriety of the foreclosure process. His allegations are broad, conclusory, and devoid of any factual support. Indeed, the only irregularity Plaintiff attempts to set forth is an improper calculation of the amount due on the Foreclosure Notice, but he provides no details explaining the alleged error in the calculation. Interestingly, Plaintiff's claim that he was not provided notice of the foreclosure contradicts his allegation that the foreclosure notice contained a calculation error. Accordingly, Plaintiff has not properly set forth a wrongful foreclosure claim

---

[1] Plaintiff also submitted these affidavits as exhibits to his Complaint. (Docket no. 1-2 at 5.)

upon which relief can be granted, and it is recommended that Defendant's Motion be granted with respect to this claim.

### 2. Count II – Breach of Contract

In Count II of his Complaint, Plaintiff alleges that Defendant breached the terms of the Note and Mortgage and the implied covenant of good faith and fair dealing by (1) disingenuously negotiating loss mitigation assistance with Plaintiff; (2) "misleading Plaintiff about approval and extension of loss mitigation assistance as an alternative to foreclosure;" and (3) failing to provide notice of default as provided in Paragraph 22 of the Mortgage. (Docket no. 1-2 at 7-9.)

Under Michigan law, a plaintiff must show the following to bring a valid breach-of-contract claim: (1) the existence of a valid contract; (2) the terms of the contract; (3) performance of things by the plaintiff; (4) conduct constituting breach by the defendant; and (5) damages. *Keywell and Rosenfeld v. Bithell,* 657 N.W.2d 759 (Mich. Ct. App. 2002). Michigan law "does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Soto v. Wells Fargo Bank,* N.A., No. 11-14064, 2012 WL 113534, at *5. (E.D. Mich. Jan. 13, 2012) (quoting *Fodale v. Waste Mgmt. of Mich., Inc.,* 718 N.W.2d 827, 841 (Mich. Ct. App. 2006)).

Defendant claims that neither the Note nor the Mortgage requires Defendant to consider Plaintiff for a modification or other loss mitigation. (Docket no. 7 at 23.) Defendant also claims that any oral promises asserted by Plaintiff "are not binding because the statute of frauds requires that agreements with financial institutions be in writing and signed before they can be enforced." *Id.* Defendant argues that as a result of these deficiencies, Plaintiff's breach-of-contract claim cannot survive the instant Motion.

Defendant's argument has merit. Plaintiff has done nothing more than make conclusory statements which fail to provide any factual support for the underlying allegations. Plaintiff cannot state a breach of contract claim based on the implied duty of good faith; Plaintiff was not legally entitled to a loan modification or loss mitigation; and Plaintiff does not plead the existence of any written agreement between Plaintiff and Defendant regarding loss mitigation assistance, or a breach thereof. Plaintiff fails to identify which provision of the Mortgage or Note requires Defendants to make a good faith effort to modify his loan, and the Court finds none. Furthermore, even if Defendant failed to provide notice of default in accordance with Paragraph 22 of the Mortgage as Plaintiff alleges, Plaintiff breached the contract first by defaulting on his mortgage payments. Thus, he may not maintain an action against Defendant for any alleged subsequent breach. *See Flamm v. Scherer*, 198 N.W.2d 702, 706 (Mich. Ct. App. 1972). Because Plaintiff's claims are based solely on vague allegations, they do not meet the standards established by the United States Supreme Court in *Twombly* and *Iqbal*, and, therefore, Plaintiff has failed to state a plausible claim for relief. Defendants' Motion to Dismiss Count II of Plaintiff's Complaint should be granted.

### 3. Count III – Fraudulent Misrepresentation

In Count III of his Complaint, Plaintiff claims that Defendant made representations to Plaintiff that it would not begin foreclosure proceedings while the parties were actively pursuing loan modification options. (Docket no. 1-2 at 9.) Plaintiff further argues that Defendant made those statements knowing that they were false or made them recklessly without knowledge of their truth. (*Id*.) Plaintiff asserts that Defendant's misrepresentations were intended to induce Plaintiff from defending against the foreclosure and that Plaintiff's reliance on those misrepresentations was justified. (*Id.*)

Under Michigan law, the elements of a claim for fraudulent misrepresentation are: (1) that the defendant made a material misrepresentation; (2) that was false; (3) that when he made it he knew that it was false, or he made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff was injured as a result. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (citation omitted). "[T]he absence of any one of [these elements] is fatal to a recovery." *Id.*

Federal Rule of Civil Procedure 9(b) imposes an obligation on any plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." To meet the particularity requirement of Rule 9(b), the plaintiff must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation and internal quotation marks omitted). At a minimum, the plaintiff "must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.* The plaintiff "also must allege facts from which it could be concluded that [her] reliance was reasonable." *Issa v. Provident Funding Grp., Inc.*, No. 09-12595, 2010 WL 538298, at *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations.").

Plaintiff makes only general allegations to support his claims of misrepresentation and fraud. Notably, Plaintiff's Complaint is devoid of any specific factual allegations regarding exactly who made the fraudulent statements, the date and time the statements were made, or why the statements were fraudulent. Thus, Plaintiff's Complaint fails to meet the particularity requirements of Rule 9(b). This failure, combined with only a mere recitation of the elements of a Michigan fraudulent misrepresentation claim, necessitates the recommendation that Count III of Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted.[2]

### D. Conclusion

For the above-stated reasons, with regard to Defendant's Motion to Dismiss (docket no. 7), the undersigned recommends that the Court **GRANT** Defendant's motion to dismiss Plaintiff's Complaint with prejudice; **DENY** Defendant's motion for an award of the costs and attorney fees it incurred in bringing the Motion; and dismiss this matter in its entirety.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a

---

[2] Defendant asserts an alternative argument that the statute of frauds would also bar Plaintiff's fraudulent misrepresentation claim. (Docket no. 7 at 26.) In response, Plaintiff raises the doctrine of promissory estoppel as a defense to Defendant's argument. (Docket no. 10 at 25.) While the Court acknowledges both arguments, it will not address the merits of either argument because Plaintiff's claim has already failed to meet the particularity requirements of Rule 9(b).

party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: December 8, 2015                s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: December 8, 2015                s/ Lisa C. Bartlett
                                       Case Manager